IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL ALVAREZ

    Plaintiff

           v.

MICHAEL J. ASTRE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION
ET AL

    Defendants

Civil No. 08-1813 (SEC)

**OPINION AND ORDER**

On July 24, 2008, Manuel Alvarez ("Plaintiff") filed the instant complaint against Michael J. Astre, Commissioner of the Social Security Administration, among other defendants, alleging discrimination on the basis of sex and age. Docket # 1. Plaintiff seeks declaratory judgment, preliminary and permanent injunction, damages, costs, interest, and attorney's fees. Thereafter, Plaintiff filed numerous motions requesting extensions of time to amend the complaint, to file certified translations, and to submit documentary evidence, among other issues. See Dockets ## 8-11, 12-17, 22-27. Plaintiff also filed a first amended complaint. Docket # 4.

On March 10, 2009, this Court issued an order to show cause why this case should not be dismissed for lack of prosecution, since Plaintiff had not requested that summons be issued. Docket # 18. In compliance, Plaintiff filed a "Motion to show proper service and Motion to amend Complaint." Docket # 21. Therein, Plaintiff posits that the complaint was notified to Defendants *via* express mail. He also requests that counsel be appointed.

This Court notes that the highly confusing pleadings made in this case do not comply with FED. R. CIV. P. 8. Rule 8 requires a short and plain statement of the claim showing that the

plaintiff is entitled to relief. Upon reviewing Plaintiff's complaint, this Court notes that Defendants would not be able to file a coherent responsive pleading, nor properly controvert the facts alleged by Plaintiff. Moreover, per Plaintiff's own admission, this is the third time Plaintiff seeks relief before this court arising from the same nucleus of operative facts, that is, the alleged illegal demotion. See *Manuel Alvarez v. Commissioner of Social Security*, Civil No. 00-1280 (JAF) and *Manuel Alvarez v. USA*, Civil No. 03-1225 (SEC). Specifically, on March 2, 2000, Plaintiff filed a complaint against the Commissioner of Social Security and the United States of America, alleging sex discrimination, violations of his right to due process under the U.S. Constitution, Title VII, 42 U.S.C. §§ 2000e *et seq*, the Privacy Act, 5 U.S.C. § 2302, and Law No. 17 of April 22, 1988, P.R. Laws ann. tit. 29, § 155(a) *et seq*. The court dismissed said claims, finding that Plaintiff failed to show that Defendants' proffered legitimate, non-discriminatory reasons for Plaintiff's demotion was actually a pretext for sex discrimination. The court further held that Plaintiff had not properly pled a cause of action under the Privacy Act.

On March 4, 2003, Plaintiff filed another complaint against the United States of America, and the acting Chairman for the U.S. Merit Systems Protection Board ("the Board"), alleging violations of his right to due process, a fair trial, and his right to be free from discrimination. *Manuel Alvarez v. USA*, Civil No. 03-1225, Docket # 17. Plaintiff's claims were dismissed with prejudice under the doctrine of *res judicata*. Civil No. 03-1225, Docket # 17. This Court concluded that "all matters related to [Plaintiff's] demotion and the administrative review of said demotion were or could have been adjudicated in the first federal case," therefore, he could not reassert claims arising from the same facts. Id. This Court also noted that albeit Plaintiff included additional defendants, specifically the acting Chairman for the Board, the government and its officers are in privity for purposes of *res judicata*, even more so,

considering that Plaintiff's claims arose from the same facts set forth in the first complaint. Notwithstanding the foregoing, Plaintiff filed a third complaint against the Commissioner of Social Security, alleging once again that his demotion was motivated by sex discrimination. He also avers that he was discriminated against because of his age.

Because of the similarity between this and Plaintiff's prior actions, an examination of the doctrine of *res judicata* is merited. This Circuit's case law has held that "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the *res judicata* policy of avoiding judicial waste.'" Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003) (citing Bezanson v. Bayside Enterps., Inc., 922 F.2d 895, 904 (1st Cir. 1990)).[1] The First Circuit has further held that when the judgment for a prior case is "entered by a federal court exercising federal question jurisdiction, the applicability of *res judicata* and collateral estoppel is a matter of federal law." See Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 89 (1st Cir.2007). Under the *res judicata* doctrine, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Barreto-Rosa v. Varona-Mendez 393 F. Supp. 2d 122,126 (D.P.R. 2005); Coors Brewing Co. v. Mendez-Torres, No. 07-2682, 2009 U.S. App. LEXIS 6638, *10 (1st Cir. 2009) (citing Perez v. Volvo Car Corp., 247 F.3d 303, 311 (1st Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980))). The foregoing "prevents plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and attendant

---

[1] *Sua sponte* dismissal on *res judicata* grounds can only occur when the defense is "definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice. The second condition is that the facts so gleaned must conclusively establish the affirmative defense." Banco Santander de P.R., 324 F.3d at 16 (citing Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1999).

**CIVIL NO. 08-1813 (SEC)**                                                                                                         Page 4

legal theories for recovery the first time they bring suit." Apparel Art Int'l v. Amertex Enters., 48 F.3d 576, 583 (1st Cir. 1995).

To trigger *res judicata*, also known as claim preclusion, there must be "'(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits.'"Coors Brewing, No. 07-2682, 2009 U.S. App. LEXIS 6638 at *10 (citations ommitted); Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33 (1st Cir. 2004) (citing Banco Santander de P.R., 324 F.3d at 15 (internal quotation marks omitted). There is no controversy as to the fact that a final judgment on the merits was issued in Civil No. 00-1280 (JAF), and Civil No. 03-1225 (SEC).  Therefore, the first factor is met.

As to the second factor, the First Circuit has held that when two separate suits involve sufficiently identical causes of action, a judgment in an earlier action precludes litigation of claims in a subsequent action. Apparel Art, 48F.3d at 583. This Circuit has adopted the methodology of the Restatement (Second) of Judgments in defining the cause of action for *res judicata* purposes. Manego v. Orleans Bd. of Trade, 773 F.2d 1, 5 (1st Cir. 1985). Accordingly, in order to determine the identity of the underlying claims or causes of action, a cause of action is defined as a set of facts which can be characterized as a single transaction or a series of related transactions. Manego, 773 F.2d at 5. As a result, the cause of action is a transaction that is identified by a common nucleus of operative facts. Id. Although a set of facts may give rise to multiple claims based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action. Id. In order to determine whether a party has advanced claims in multiple litigations which derive from the same nucleus of operative facts, this Court may consider: 1) whether the facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial

unit; and 3) whether treating the facts as a unit conforms to the parties' expectations. Apparel Art , 48F.3d at 583. Additionally, in determining whether there is an identity of causes, a court must analyze the object or matter over which the action is being brought. Arroyo v. K-Mart Inc., 81 F. Supp. 2d 301, 306 (D.P.R. 1999). The requirement is that there be an identity of causes, that is, the principal basis or origin of the action. Id. at 307 (citing Lausell Marxuach, 103 P.R. Dec. 533, 536 (1975).

Thus, this Court must first determine whether the facts set forth by Plaintiff in the instant complaint arise from the same nucleus of operative facts as those that were adjudicated by the prior judgments of the district court. Clearly, the two prior suits, and the present complaint arise out of Plaintiff's demotion, that is, from the same nucleus of operative facts. Since the identity of causes requirement does not prevent the *res judicata* doctrine from being applied to a second case simply because the plaintiff alleges a new legal theory in it, the fact that Plaintiff now alleges age discrimination is irrelevant. Id. (Citing Futura Development. v. Centex Corp., 761 F.2d 33, 44 (1st Cir. 1985). He cannot retiligate issues that were, or could have been raised, in the prior action. Since the causes of action of the three suits are identical, the second factor is also satisfied.

Finally, this Court must determine whether the defendants in all three cases are identical, or sufficiently in privity, to satisfy the third element. Banco Santander de P.R., 324 F.3d at 17. Generally, "[r]*es judicata* bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were. Such privity exists between government entities and their employees when such employees are sued in their official capacities." Easley v. Reuss, 247 Fed. Appx. 823, 826 (7th Cir. 2007); U.S. v. Alky Enterprises, Inc., 969 F.2d 1309, 1312 (1st Cir. 1992). Upon reviewing the record, this Court finds that Plaintiff's first claim was directed towards the United States, and the Commissioner of Social Security, the second claim

**CIVIL NO. 08-1813 (SEC)** Page 6

was filed against the United States, and the Chairman of the Board, and the instant suit is brought against the Commissioner of Social Security, among other defendants. Therefore, the defendants in the first case and the present suit are identical, insofar as both claims were directed at the Commissioner of Social Security. Since the government and its officers are in privity, or closely related, for purposes of *res judicata*, the third element of the *res judicata* doctrine is also satisfied. See Negron-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 10 (1st Cir. 2008).

Plaintiff's first federal case was dismissed *via* summary judgment because Plaintiff failed to show that Defendants' proffered legitimate, non-discriminatory reasons for Plaintiff's demotion was actually a pretext for sex discrimination. As such, it was properly dismissed on the merits, and Plaintiff did not file an appeal. Plaintiff's second federal case was dismissed under the doctrine of *res judicata* since he sought the same relief against the same defendants, or its privities, based upon the same facts. Once again, the issues and parties raised in the present complaint are identical to the prior actions, where final judgment with prejudice was entered. As previously stated by this Court, all matters related to his demotion and the administrative review of the same were or could have been adjudicated in the first case. Therefore, Plaintiff cannot continue to file complaints based on the same grounds, and against the same defendants when a final judgment has been entered, and he chose not to appeal the same. Based on the foregoing, this Court finds that dismissal on *res judicata* grounds is also appropriate in this case.

Based on the foregoing, this Court holds that Plaintiff's complaint is precluded by *res judicata*, and as a result, is **DISMISSED WITH PREJUDICE**. His request for the appointment of counsel is **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

**CIVIL NO. 08-1813 (SEC)**  **Page 7**

San Juan, Puerto Rico, this 19th day of May, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge